United States District Court
Southern District of Texas

**ENTERED**
June 16, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR CSMC MORTGAGE-BACKED TRUST 2007-3, AND PHH MORTGAGE CORPORATION, INDIVIDUALLY AND AS SUCCESSOR-IN-INTEREST TO OCWEN LOAN SERVICING, LLC, <br><br> *Plaintiffs*, <br><br> v. <br><br> JOSEF M. LAMELL A/K/A J.M. ARPAD LAMELL, <br><br> *Defendant*. | § § § § § § § § § § § § § § § CIVIL ACTION H-19-2402 |

**MEMORANDUM OPINION AND ORDER**

Pending before the court is pro se defendant Josef M. Lamell a/k/a J.M. Arpad Lamell's ("Lamell") Amended Rule 12 Motion to Dismiss or Abstain (Dkt. 20) from U.S. Bank National Association ("U.S. Bank") and PHH Mortgage Corporation's ("PHH," and collectively, the "Bank") amended complaint (Dkt. 18).[1] The Bank responded. Dkt. 22. Lamell replied. Dkt. 24. And, the Bank sur-replied. Dkt. 30. Lamell's motion is ripe for consideration. Having considered the motion, response, replies, and applicable law, the court finds that Lamell's motion should be **DENIED**.

---

[1] Because Lamell appears pro se, the court construes his pleadings liberally. *Coleman v. United States*, 912 F.3d 824, 828 (5th Cir. 2019); *see also Samtani v. City of Laredo*, 274 F. Supp. 3d 695, 698 (S.D. Tex. 2017) (quoting *United States ex rel. Simmons v. Zibilich*, 542 F.2d 259, 260 (5th Cir. 1976)) (requiring courts to scrutinize pro se pleadings with "special care to determine if . . . some colorable claim exists."). The court interprets those pleadings with common sense. *See id.* (citations omitted) ("A court is expected to exercise 'common sense' in interpreting these frequently diffuse pleadings.")). Even so, Lamell "must still adhere to the Federal Rules of Civil Procedure and make some legal argument." *See Hawbecker v. Hall*, 88 F. Supp. 3d 723, 726 (W.D. Tex. 2015) (citing *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197 (2007)).

## I. BACKGROUND

In this declaratory judgment action, the Bank wants to confirm its foreclosure rights.[2] Dkt. 18 ¶¶ 4, 15, 17, 29, 44. The Bank alleges that it can foreclose on Lamell's home–5131 Gleanmeadow Drive, Houston, Texas 77096 (the "Property")–because he did not pay his mortgage.[3] *Id.* ¶ 21. The Bank's lawsuit hinges on whether the applicable statute of limitations bars that foreclosure. *Id.* ¶ 9, 11, 22, 29.

To argue for dismissal and abstention, Lamell relies on a state court lawsuit. In that case, Lamell sued an earlier loan-servicer–CIT Bank, N.A. ("CIT")–for claims related to the servicing of his mortgage. *In re CIT Bank, N.A.*, No. 14-19-00884-CV, 2020 WL 1528162, at *1 (Tex. App.–Houston [14th Dist.] Mar. 31, 2020) (per curiam) (orig. proceeding) (discussing Cause No. 2010-11491 in the 127th Judicial District Court of Harris County, Texas).

That case settled. *Id.* According to the Bank, Lamell released any claims that he had at that time, including "that the Loan Agreement was no longer enforceable pursuant to the Statute of Limitations." Dkt. 18 ¶ 33. Soon after, the state trial court signed an agreed final judgment. *Id.* ¶ 21.

In a post-judgment filing, Lamell repeated his assertion that the statute of limitations barred future attempts at foreclosure. *Id.* ¶¶ 21, 30.

Later, the trial court vacated the final judgment. *In re CIT*, 2020 WL 1528162, at *1. On appeal, the state appellate court determined that order was void because the trial court's plenary

---

[2]The Bank wants the court to confirm that: (1) the foreclosure is not time-barred; (2) the Bank can pay taxes on the Property; and (3) Lamell cannot defer tax payments. Dkt. 18 ¶ 38. Alternatively, the Bank seeks equitable and contractual subrogation. *Id.* ¶¶ 46–52.

[3]U.S. Bank holds the note and is the trustee for the deed of trust that encumbers the Property. PHH services the loan.

authority had expired twenty-four days before it vacated the final judgment. *Id.* at *2. Lamell has not pursued a timely motion for rehearing.[4]

The Bank sued Lamell to resolve the statute-of-limitations issue. The Bank asserts that res judicata bars Lamell from raising that issue to block foreclosure. Lamell asks the court to dismiss this case or abstain from deciding it. Dkt. 20 at 2.

## II. Legal Standard

**A.     Motion to Dismiss**[5]

To state a claim for relief, Rule 8 requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "'To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Fodge v. Trustmark Nat'l Bank*, 945 F.3d 880, 882 (5th Cir. 2019) (quoting *Edionwe v. Bailey*, 860 F.3d 287, 291 (5th Cir. 2017)). The court must accept all the Bank's well-pleaded facts as true and construe those facts in the light most favorable to the Bank. *Bowlby v. City of Aberdeen, Miss.*, 681 F.3d 215, 219 (5th Cir. 2012).

"In considering a motion to dismiss for failure to state a claim, a district court must limit itself to the contents of the pleadings, including attachments thereto." *Collins v. Morgan Stanley*

---

[4] At his request, the appellate court gave Lamell more time (until May 15, 2020) to move for rehearing. The docket shows no activity on that motion. *Case Detail: 14-19-00884-CV*, Texas Judicial Branch, 14th Court of Appeals, http://www.search.txcourts.gov/Case.aspx?cn=14-19-00884-CV&coa=coa14 (June 15, 2020).

[5] Under Rule 12(b), a party can move to dismiss an action based on (1) lack of subject-matter jurisdiction; (2) lack of personal jurisdiction; (3) improper venue; (4) insufficient process; (5) insufficient service of process; (6) failure to state a claim upon which relief can be granted; and (7) failure to join a party under Rule 19. Fed. R. Civ. P. 12(b). Because Lamell does not contest jurisdiction, venue, process, service, or the parties to this action, the court assumes that he moves to dismiss for failure to state a claim.

*Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000) (citing Fed. R. Civ. P. 12(b)(6)). However, "'documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim.'" *Id.* at 498–99 (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)). "Moreover, the Court may take judicial notice of an 'adjudicative fact,' including other court cases," without converting the motion to dismiss into a motion for summary judgment. *Sivertson v. Citibank, N.A. as Tr. for Registered Holders of WAMU Asset-Back Certificates WAMU Series No. 2007-HE2 Tr.*, 390 F. Supp. 3d 769, 780 (E.D. Tex. 2019) (citing Fed. R. Evid. 201; *Thomas v. Beaumont Indep. Sch. Dist.*, No. 1:15-CV-112, 2016 WL 922182, at *3 (E.D. Tex. Feb. 12, 2016)).

**B.     Abstention**

Although he asks the court to abstain from deciding this case, Lamell does not point the court to the applicable abstention doctrine. He does not cite law, either. *See* Dkt. 20. The Bank assumes that Lamell invokes *Colorado River* abstention. *See* Dkt. 22 at 8 (citing *Colorado River Conservation Dist. v. United States*, 424 U.S. 800, 96 S. Ct. 1236, 47 L. Ed. 2d 483 (1976)). *Nationstar Mortg. LLC v. Knox*, 351 F. App'x 844, 851 (5th Cir. 2009) ("The *Colorado River* doctrine applies only when there are pending parallel proceedings in federal and state court involving *the same parties and issues*.") (emphasis added). However, *Brillhart-Wilton* abstention presents the most applicable doctrine.

That doctrine applies "to situations where a federal court sitting in diversity is asked to grant declaratory judgment on a state law matter." *Caliste v. Cantrell*, 329 F. Supp. 3d 296, 307 (E.D. La. 2018), *aff'd*, 937 F.3d 525 (5th Cir. 2019) (citing *Wilton v. Seven Falls Co.*, 515 U.S. 277, 115 S. Ct. 2137, 132 L. Ed. 2d 214 (1995); *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491, 62 S. Ct. 1173, 86 L. Ed. 1620 (1942)). "[A] district court 'should ascertain whether the questions in

4

controversy between the parties to the federal suit . . . can be better settled in the proceeding pending in the state court.'" *Sherwin-Williams Co. v. Holmes Cty.*, 343 F.3d 383, 387 (5th Cir. 2003) (quoting *Brillhart*, 316 U.S. at 494).

In evaluating whether to decide or dismiss this declaratory judgment suit, the court must analyze: (1) justiciability (i.e., whether an actual controversy exists between the parties); (2) its authority to grant declaratory relief; and (3) if it should exercise its discretion to decide or dismiss the action. *See id.* (citing *Orix Credit Alliance, Inc. v. Wolfe*, 212 F.3d 891, 895 (5th Cir. 2000)). For the third prong, the court looks to seven nonexclusive factors. *Id.* at 388 (citing *St. Paul Ins. Co. v. Trejo*, 39 F.3d 585 (5th Cir. 1994)). Specifically, the court examines whether:

> (1) there is a pending state action in which all of the matters in controversy may be fully litigated;
> (2) the Bank sued in anticipation of a lawsuit filed by Lamell;
> (3) the Bank engaged in forum shopping in bringing the suit;
> (4) possible inequities exist in allowing the Bank to gain precedence in time or to change forums;
> (5) the federal court is a convenient forum for the parties and witnesses;
> (6) retaining the lawsuit would serve the purposes of judicial economy; and
> (7) the federal court is being called on to construe a state judicial decree involving the same parties and entered by the court before whom the parallel state suit between the same parties is pending.

*See id.* (citing *Trejo*, 39 F.3d at 590–91). These factors concern "the proper allocation of decision-making between state and federal courts," "fairness," and "efficiency." *Id.* at 390–91.

### III. ANALYSIS

**A.   Motion to Dismiss**

Lamell's two dismissal arguments fail because neither one challenges the Bank's requested relief as facially-implausible.

First, Lamell argues that the court should dismiss this case because the settlement agreement from the state suit is "VOID and of no further effect." Dkt. 20 ¶ 14. The parties disagree about

5

whether Lamell released or waived his right to try to bar foreclosure. *Id.* at 2. The Bank points to the settlement agreement as cutting off that right. *See id.* And, the Bank contends that agreement remains effective because the state court lacked the authority to vacate the final judgment. The state appellate court agreed. However, the settlement agreement's status–void or not–does not impact whether the Bank's request for declaratory relief as to limitations survives 12(b)(6). Lamell's first argument does not give the court a reason to dismiss this case.

Second, he argues that the court should dismiss this suit because the state court action "remains active to this day" and that active status forecloses the Bank's res judicata theory. Dkt. 20 at 2. Even if true, that argument does not impact the facial-plausibility analysis. And, it appears that the limitations issue is live and undecided. *See* Dkt. 22-1, Transcript of Hearing at 5:9–14, *Lamell v. Harris Cty. Appraisal Dist. et al.*, Cause No. 2010-11491 (Jun. 13, 2019) (Lamell, J.M.) ("[I]n the death throws of this case I raised the issue of statute of limitations. It's of record but it wasn't raised against a party and therefore, it was – well, it was dismissed along with the rest of the stuff. It was dismissed on the basis of not having jurisdiction over the party."). For either reason, Lamell's motion to dismiss for failure to state a claim should be denied.

**B.      Motion to Abstain**

The court applies *Brillhart-Wilton* to Lamell's abstention request. *See supra* at Section II.B. But, before that, the court must decide if this action is justiciable and whether this court has authority to grant declaratory relief. *Sherwin-Williams*, 343 F.3d at 387. The action is justiciable because an actual controversy exists between the parties. *See supra* Section III.A. (denying motion to dismiss because the statute of limitations issue is undecided). Further, this court can decide this dispute because: (1) diversity jurisdiction exists; and (2) the Anti-Injunction Act does not apply when, as here, no pending state court action exists between the parties to this suit. *See Sherwin-Williams*, 343

F.3d at 387 (citing *Travelers Ins. Co. v. La. Farm Bureau Fed'n, Inc.*, 996 F.2d 774, 776 (5th Cir. 1993)). Accordingly, the court may exercise its discretion to decide whether to dismiss this action.

Lamell urges this court to abstain from deciding limitations because that issue "is already squarely within the purview of the State Court where it originated[.]" Dkt. 20 at 2. But, his statements contradict that argument. *See* Dkt. 22-1, Transcript of Hearing at 5:9–14, *Lamell v. Harris Cty. Appraisal Dist. et al.*, Cause No. 2010-11491 (Jun. 13, 2019) (Lamell, J.M.) (emphasis added) ("[I]n the death throws of this case I raised the issue of statute of limitations. It's of record *but it wasn't raised against a party* and therefore, it was – well, it was dismissed along with the rest of the stuff. It was dismissed on the basis of not having jurisdiction over the party."). Even if the state action is pending, it could not fully resolve all matters in controversy between these parties because the two lawsuits do not involve the same parties. *See Sherwin-Williams*, 343 F.3d at 388.

In addition, the court did not find any indication that: (1) the Bank sued Lamell in anticipation of a Lamell suit; (2) the Bank forum-shopped; or (3) any inequities exist to give the Bank precedence in time or to change forums. *See id.* This court provides a convenient forum because Lamell resides in this jurisdiction and the Bank is not party to the state court action. *Id.* Further, retaining this lawsuit would serve judicial economy because the limitations issue is only before this court. *Id.* Finally, the Bank's lawsuit does not ask this court "to construe a state judicial decree involving the same parties" because the Bank was not involved in the state court action. *Id.* Accordingly, all factors weigh in favor of this court deciding this action. For that reason, the motion to abstain should be denied.

## IV. Conclusion

For these reasons, the court DENIES Lamell's motion to dismiss and his motion to abstain.

Signed at Houston, Texas on June 16, 2020.

_____
Gray H. Miller
Senior United States District Judge