United States District Court
Southern District of Texas
**ENTERED**
May 24, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| U.S. BANK NATIONAL ASSOCIATION, ET AL., | § § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION H-19-2402 |
| JOSEF M. LAMELL AKA J.M. ARPAD LAMELL, | § § § § | |
| Defendant. | § § | |

### MEMORANDUM OPINION AND ORDER

This matter is before the court on defendant's motion for a new trial under Federal Rule of Civil Procedure 59. Dkt. 109. Having considered defendant's argument and the law, the court is of the opinion that the motion for a new trial should be DENIED.

On February 4, 2021, Magistrate Judge Christina Bryan issued a memorandum and recommendation ("M&R") recommending plaintiffs' motion for summary judgment (Dkt. 32) be granted on all issues except two: (1) whether prior acceleration of defendant's mortgage was abandoned, and (2) whether defendant released his statutes of limitations defense. Dkt. 86. This court adopted the M&R and entered final judgment in favor of plaintiffs on March 24, 2021. Dkts. 99, 100. Defendant argues that his Rule 59 motion for a new trial should be granted because the court erroneously considered CIT a servicer of his mortgage.

Under Rule 59(b), a motion for a new trial must be filed no later than 28 days after the entry of judgment. Fed. R. Civ. P. 59(b). The deadline for relief under Rule 59(b) was April 21,

2021, and defendant did not file the pending motion until April 22, 2021.[1] Therefore, the court construes defendant's motion as one for "relief from a final judgment, order, or proceeding" under Rule 60.[2] Fed. R. Civ. P. 60(b). A party may seek relief from a final judgment under Rule 60(b) for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b)(1)–(6). "Relief under Rule 60(b) is an extraordinary remedy; '[t]he desire for a judicial process that is predictable mandates caution in reopening judgments.'" *H&H Hospitality LLC v. Discovery Specialty Ins. Co.*, 2012 WL 13135882, at *1 (S.D. Tex. Feb. 14, 2012) (quoting *In re Pettle*, 410 F.3d 189, 191 (5th Cir. 2005)). Rule 60(b) may not be used to raise arguments that could have been raised prior to the final judgment at issue or to argue new legal theories. *Gonzales v. Autozoners, LLC*, Civil Action No. 4:09-4054, 2012 WL 3069842, at

---

[1] Defendant filed a Rule 59 motion on April 22, 2021. Dkt. 106. On April 23, 2021, defendant filed an unopposed motion for leave to file a corrected motion that addresses issues with the table of contents in defendant's original motion. The court granted defendant's motion for leave and, for purposes of this order, considers the updated motion (Dkt. 109) as filed on April 22, 2021.

[2] "A motion for a new trial following a summary judgment is treated as a motion to reconsider entry of summary judgment under Federal Rule of Civil Procedure 59(e)." *Williams v. Countrywide Home Loans, Inc.*, 504 F. Supp. 2d 176, 197 (S.D. Tex. 2007) (Rosenthal, J.), *aff'd*, 269 F. App'x 523 (5th Cir. 2008). Whether a motion to reconsider is construed under Rule 59(e) or Rule 60(b) depends on when the motion was filed. *Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 n.2 (5th Cir. 2012) (citations omitted). If the motion was filed within 28 days after the entry of judgment, the motion is treated as though filed under Rule 59, and if it was filed outside of that time, it is analyzed under Rule 60. *Id.*

\*1 (S.D. Tex. July 27, 2012) (quoting *Weckesser v. Chicago Bridge & Iron, LG*, 447 F. App'x 526, 530 (5th Cir. 2011)).

Defendant has not presented the court with any grounds that would justify the "extraordinary" remedy of relief under Rule 60(b). *See Gonzales*, 2012 WL 3069842, at \*2. Defendant has not identified any newly discovered fact or change in the law that would justify reconsideration of the final judgment in this case. *See id*. Instead, he puts forth arguments that could have been made, or were made, in his summary judgment briefing and objections to Judge Bryan's M&R. *See id* (explaining that arguments that could have been made or were made are not valid grounds for relief under Rule 60(b)).

Defendant's primary basis for his Rule 60(b) motion is his contention that CIT was never a servicer of the note.[3] Defendant argues the court erroneously found CIT to be a servicer of the note and relied upon that finding in determining that *res judicata* barred defendant's claims and defenses and that defendant released his claims and defenses against plaintiffs in the state court settlement agreement. Defendant raised the issue of CIT's status as a servicer of the note and briefed it extensively in his objections to Judge Bryan's M&R. Dkt. 89. The court considered those objections and overruled them before entering final judgment in favor of plaintiffs. Dkts. 99, 100. Because defendant could have and, in fact, did raise the argument that CIT was not a servicer of the mortgage, that argument is not an appropriate basis for a Rule 60(b) motion. *See*

---

[3] Defendant makes a few specific sub-arguments to this point: 1) that Judge Bryan's M&R is contradicted by this court's statement in its order denying defendant's previous motion to dismiss that "the two lawsuits do not involve the same parties," 2) that the court's substitution of CIT for OneWest Bank in its analysis of the loan documents was in error, 3) that plaintiffs waived reliance on defendant's statements as judicial admissions because they failed to object to defendant's offered contradictory evidence, and 4) that Defendant's statements in his pleadings were erroneously treated as admissions of fact. Dkt. 109.

*Gonzales*, 2012 WL 3069841, at *2 (finding arguments that were or could have been previously made invalid grounds for relief under Rule 60(b)).  Each of defendant's specific sub-arguments (*see supra* n. 3) related to CIT's status as servicer of the note are also arguments that could have been specifically made during defendant's extensive summary judgment briefing and objections. Therefore, these arguments do not present grounds for the extraordinary remedy of relief under Rule 60(b).

Defendant also raises additional "Ancillary Grounds for New Trial," which he explains "are presented mainly for issue preservation on appeal."  Dkt. 106.  Defendant's "Ancillary Grounds" are also not a basis for relief on a Rule 60(b) motion.  First, defendant alleges the "final judgment is against the preponderance (great weight of) evidence" arguing, again, that CIT was not a servicer of the note.  *Id.*  This "great weight and preponderance of the evidence" standard is not relevant to the court's resolution of plaintiffs' motion for summary judgment.  Even if it were, this argument is simply a rehashing of defendant's arguments made in his summary judgment briefing and objections that the court erroneously found CIT to be a servicer of the note and is not a basis for relief.  Second, defendant argues the court erred when it denied his motion for an indefinite continuance of his deadline to respond to plaintiffs' motion for summary judgment.  *Id.*  Defendant argues that, had the court granted his motion for a continuance, he would have discovered certain Securities and Exchange Commission ("SEC") filings that he considers relevant to this case prior to the court's resolution of plaintiffs' motion for summary judgment. Dkt. 109. However, SEC filings are public record and were always available online to defendant during this litigation.  Third, defendant argues the state court lacked competent jurisdiction, which is required for *res judicata*, because CIT made "emphatic, clear, unequivocal, and profuse[]" representations

4

that it was not a servicer of the note. *Id.* Not only was the issue of CIT's prior statements about its status as a servicer already briefed by defendant in his summary judgment briefing and objections, but the court also cannot discern how these allegations relate to the state court's competent jurisdiction required for *res judicata*. Therefore, this argument is not persuasive.

None of these ancillary grounds supports relief under Rule 60(b). To the extent they either were or could have been raised in defendant's exhaustive briefing or objections to Judge Bryan's M&R, they are not adequate bases for a Rule 60(b) motion. *See Gonzales*, 2012 WL 3069841, at *2 (finding arguments that were or could have been previously made invalid grounds for relief under Rule 60(b)). Accordingly, defendant's motion for a new trial is DENIED.

Signed at Houston, Texas on May 19, 2021.

_____
Gray H. Miller
Senior United States District Judge