United States District Court
Southern District of Texas
**ENTERED**
May 24, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| U.S. BANK NATIONAL ASSOCIATION, ET AL., <br><br> *Plaintiffs*, <br><br> v. <br><br> JOSEF M. LAMELL AKA J.M. ARPAD LAMELL, <br><br> *Defendant*. | § § § § § § § § § § § § | CIVIL ACTION H-19-2402 |

### MEMORANDUM OPINION AND ORDER

This matter is before the court on plaintiffs' motion to amend judgment under Federal Rule of Civil Procedure 59(e). Dkt. 105. Having considered plaintiffs' argument and the law, the court is of the opinion that plaintiffs' motion to amend judgment should be DENIED.

On February 4, 2021, Magistrate Judge Christina Bryan issued a memorandum and recommendation ("M&R") recommending that plaintiffs' motion for summary judgment (Dkt. 32) be granted on all issues except two: (1) whether prior acceleration of defendant's mortgage was abandoned and (2) whether defendant released his statutes of limitations defense. Dkt. 86. This court adopted Judge Bryan's M&R and entered final judgment on March 24, 2021. Dkts. 99, 100. Plaintiffs argue in their Rule 59(e) motion that the final judgment be amended to include a grant of summary judgment on the two previously denied issues because they "conclusively established" that they are entitled to summary judgment on those additional grounds. Dkt. 105 at 1.

Altering, amending, or reconsidering a judgment under Rule 59(e) is an extraordinary remedy that should be used sparingly. *Jackson v. Wells Fargo, N.A.*, 2020 WL 7344682, at *1 (S.D. Tex. Dec. 14, 2020) (citing *Templet v. HydroChem, Inc.*, 367 F.3d 473, 479 (5th Cir. 2004)).

A successful Rule 59(e) motion must "clearly establish either a manifest error of law or fact or must present newly discovered evidence . . . ." *Id*. (quoting *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 863-64 (5th Cir. 2003)). "A Rule 59(e) motion is 'not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment.'" *NSEW Holdings, LLC v. Wells Fargo Bank, N.A.*, 2017 WL 4510590, at *2 (E.D. Tex. June 12, 2017) (quoting *Templet v. HydroChem, Inc.*, 367 F.3d at 479).

Plaintiffs make no argument in their Rule 59(e) motion that has not been asserted either in the summary judgment briefing (Dkt. 32) or the objections to Judge Bryan's M&R (Dkts. 85, 88). As noted by plaintiffs in their own motion, Rule 59(e) "cannot be used to raise arguments which could, and should, have been made before the judgment issued." *In re Life Partners Holdings Inc.*, 926 F.3d 103, 128 (5th Cir. 2019) (quotations omitted). Plaintiffs have not identified a proper basis in their motion for amending or altering judgment. *See Cisneros v. U.S.*, Civil Action No. 1:16-cv-279, 2020 WL 4192972, at *1 (S.D. Tex. July 21, 2020) (denying Rule 59(e) motion where the movant only re-urged the same grounds made before the magistrate judge and in objections to the magistrate judge's report and recommendation); *NSEW Holdings*, 2017 WL 4510590, at *3 (internal citations omitted) (denying Rule 59(e) motion where "Plaintiff's current argument is nothing more than a reiteration of the argument made by Plaintiff in its summary judgment briefing and in its objections to the Magistrate Judge's report . . . .").

Accordingly, plaintiffs' motion to amend judgment is DENIED.

Signed at Houston, Texas on May 19, 2021.

_____
Gray H. Miller
Senior United States District Judge