United States District Court
Southern District of Texas
**ENTERED**
May 24, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| U.S. Bank National Association, et al., | § § § | |
| Plaintiffs, | § § | |
| v. | § | Civil Action H-19-2402 |
| Josef M. Lamell aka J.M. Arpad Lamell, | § § § § § | |
| Defendant. | § | |

### ORDER

This matter is before the court on plaintiffs' motion for attorneys' fees. Dkt. 102. Having considered the parties' filings and the law, the court GRANTS IN PART and DENIES IN PART plaintiffs' motion and awards plaintiffs $47,281.65 in reasonable attorney's fees.

### 1. Background

This case involves an ongoing dispute regarding the potential foreclosure of a property located at 5131 Glenmeadow Drive (the "Property") which has spanned more than nine years and two lawsuits. Dkt. 18. Plaintiffs filed this suit in July 2019 seeking declarations from the court that the statute of limitations does not prevent enforcement of the loan and security interest in the Property by foreclosure, that defendant released any claim barring enforcement of the loan agreement, and, in the alternative, that plaintiffs are equitably subrogated to the rights of the prior lienholders whose liens were paid off by them or their predecessors in interest. *Id*. Defendant brought counterclaims against plaintiffs for common law fraud, statutory fraud, fraud in the inducement, fraud by misrepresentation, omission and non-disclosure, violations of the Texas Debt

Collection Practices Act ("TDCPA"), quiet title, and several claims for declaratory judgment. Dkt. 46.

On March 11, 2021, the court adopted Magistrate Judge Christina Bryan's memorandum and recommendation ("M&R") granting plaintiffs' motion to dismiss all of defendant's counterclaims for failure to state a claim and granting plaintiffs' motion to strike defendant's fraud defense. ECF No. 95. On March 24, 2021, the court also adopted in full Judge Bryan's M&R granting plaintiffs' motion for summary judgment with respect to all but one of their requests for declaratory judgment.[1] Dkt. 99. The court entered a final judgment in favor of plaintiffs on March 24, 2021. Dkt. 100. Plaintiffs filed a timely motion for attorneys' fees[2] seeking $47,281.65 in reasonable attorney's fees and defendant filed a timely response. Dkts. 102, 103. Plaintiffs allege they are entitled to fees under Texas Civil Practice and Remedies Code § 38.001 and the terms of the deed of trust and note.

**2. Plaintiffs are not entitled to attorney's fees under § 38.001(8).**

Texas law is applicable to an award of attorneys' fees in diversity cases such as this one where the substantive issues are governed by Texas state law. *See Easterling v. U.S. Bank Nat'l Ass'n*, 2018 WL 7266156, at *21 (N.D. Tex. Dec. 6, 2018) (citing *Mathis v. Exxon Corp.*, 302

---

[1] Judge Miller adopted Judge Bryan's recommendation that plaintiffs' motion for summary judgment be granted with respect to plaintiffs claims that (1) res judicata barred defendant's statute of limitations defense; (2) plaintiffs are entitled to pay taxes on the Property; (3) plaintiffs are entitled to pursue non-judicial foreclosure; and (4) plaintiffs are entitled to equitable and contractual subrogation based on the use of the note proceeds to pay all prior amounts owed on the Property. The court also adopted Judge Bryan's recommendation that plaintiffs' motion be denied with respect to their request for a declaratory judgment that the statute of limitations for foreclosure was unexpired.

[2] Pursuant to Federal Rule of Civil Procedure 54(d), a party seeking attorneys' fees must file a motion no later than 14 days after entry of judgment specifying the grounds entitling the movant to an award of fees and stating the amount or a fair estimate of the amount sought. Fed. R. Civ. P. 54(d)(2)(B).

2

F.3d 448, 461 (5th Cir. 2002)) ("A fee award is governed by the same law that serves as the rule of decision for the substantive issues in the case."). Under Texas Civil Practice and Remedies Code § 38.001(8), a party may recover reasonable attorney's fees on a claim for an oral or written contract. Tex. Civ. Prac. & Rem. Code § 308.001(8). To recover under § 38.001, a party must (1) prevail on a cause of action for which attorney's fees are recoverable and (2) recover damages. *Rohrmoos Venture v. USTW DVA Healthcare, LLP*, 578 S.W.3d 469, 484 (Tex. 2019). Plaintiffs did not bring a breach of contract claim against defendant and, thus, are not entitled to attorney's fees under § 38.001.

**3. Plaintiffs are entitled to attorney's fees pursuant to the terms of the deed of trust.**

Section 22 of the deed of trust provides:

If [a] default is not cured . . . Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may invoke the power of sale and *any other remedies permitted by Applicable Law*. *Lender shall be entitled* to collect all expenses incurred in pursuing the remedies provided in this Section 22, including, but not limited to reasonable attorneys' fees . . . .

Dkt. 32-1 at 31 (emphasis added). The operative event triggering the right to attorney's fees in this section is plaintiffs' election to pursue its remedies under the deed of trust, which include accelerating the entire amount owed, invoking the power of sale, and "any other remedies permitted by Applicable Law." In this suit, plaintiffs sought a remedy allowable by law when they sought declarations affirming their right to foreclose on the Property following defendant's default. Therefore, based on § 22 of the deed of trust, plaintiffs are entitled to reasonable attorney's fees.

**3. Plaintiffs' request reasonable attorney's fees.**

Section 22 provides that plaintiffs are only entitled to *reasonable* attorney's fees. *Id*. Under Texas law, reasonable attorney's fees are calculated using the "lodestar" method. The fact finder must first determine a base lodestar figure based on the reasonable number of hours work

3

multiplied by a reasonable hourly rate. *Rohrmoos*, 578 S.W.3d at 501 (citing *El Apple*, 370 S.W.3d at 760)). The party seeking an award of attorney's fees must prove the reasonable hours worked and reasonable rate by presenting sufficient evidence to support the award sought. Sufficient evidence includes, at a minimum, evidence of (1) particular services performed, (2) who performed those services, (3) approximately when the services were performed, (4) the reasonable amount of time required to perform the services, and (5) the reasonable hourly rate for each person performing such services. *Id.* (citing *El Apple*, 370 S.W.3d at 762-63).

In support of the lodestar figure proposed, plaintiffs rely on the declaration of plaintiffs' counsel. Counsel's declaration states that he and other attorneys and paralegals at the law firm of Mackie Wolf Zientz & Mann, PC performed work in this case during the long history of this litigation, including: preparing and filing the original complaint, effecting service, drafting an answer to defendant's counterclaims, drafting motions for summary judgment and motions to dismiss, drafting responses to defendant's motions and objections, and attending multiple conferences with related individuals. Dkt. 102-2. The firm charged an hourly rate of $215.00 per hour for work performed by attorneys and $95.00 per hour for work performed by paralegals. Dkt. 102-1. Counsel's declaration states that the hourly rates are reasonable and customary and that the total sum of $47,281.65 represents a reasonable fee for prosecution of plaintiffs' claims regarding the enforcement of their interest in the property. *Id.* Counsel also provides monthly invoices detailing what work was performed, who performed it, the hours spent, and the applicable hourly rate. *Id.*

Plaintiffs have provided adequate evidence to support their contention that the attorney's fee amount requested is reasonable and defendant has failed to present any evidence or argument to the contrary. *See Rohrmoos*, at 502 (quoting *Perdue*, 559 U.S. at 554-54 ("There is a 'strong

presumption' that the [base] lodestar figure is reasonable, but that presumption may be overcome in those rare circumstances in which the lodestar does not adequately take into account a factor that may properly be considered in determining a reasonable fee.")); *see also Hsu v. Conterra Services, LLC*, 2021 WL 921672, at *6 (Tex. App.–Houston Mar. 11, 2021) (citations omitted) ("The fee opponent may seek a reduction of the base lodestar figure, but it must introduce specific evidence negating the figure's presumptive reasonableness.").

**4. Plaintiffs have not shown their request for contingent attorney's fees is reasonable.**

Plaintiffs also seek contingent attorney's fees in the event a party files a post-judgment motion ($2,500.00), the case is appealed to the court of appeals ($20,000.00), or the case is appealed to the United States Supreme Court ($20,000.00). Dkt. 102. A party seeking contingent attorney's fees must "provide opinion testimony about the services it reasonably believes will be necessary to defend the appeal and a reasonable hourly rate for those services." *Aguilar v. Wells Fargo Bank, N.A.*, 2021 WL 317641, at *6 (Tex. App.–Amarillo Jan. 29, 2021) (quoting *Yowell v. Granite Operating Co.*, No. 18-0841, 2020 WL 2502141, at *12 (Tex. May 15, 2020)). Plaintiffs' only support of its requested contingency fees is plaintiffs' counsel's statement in his declaration that the fees requested are reasonable. Dkt. 102-1. While the declaration establishes the hourly rate for attorneys and staff in the firm, it does not include any other facts to support the reasonableness of the contingent attorney's fees requested. For example, plaintiffs have put forth no evidence of the estimated number of hours that would be required or a description of the work that would be performed in the event of a post-judgment motion or appeal. *See Aguilar*, 2021 WL 317641, at *12-13 (reversing the trial court's award of contingent attorney's fees on similar grounds). Therefore, the record does not provide the details necessary to support an award of contingent attorney's fees.

## 5. Conclusion

For the reasons stated herein, plaintiffs' motion for attorney's fees is GRANTED in part and DENIED in part. The court ORDERS plaintiffs be AWARDED $47,271.65 in attorney's fees but that plaintiffs' request for contingent attorney's fees be DENIED.

Signed at Houston, Texas on May 19, 2021.

_____
Gray H. Miller
Senior United States District Judge