United States District Court
Southern District of Texas
**ENTERED**
May 15, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR CSMC MORTGAGE-BACKED TRUST 2007-3, AND PHH MORTGAGE CORPORATION, INDIVIDUALLY AND AS SUCCESSOR-IN-INTEREST TO OCWEN LOAN SERVICING, LLC<br><br>*Plaintiffs*,<br><br>v.<br><br>JOSEF M. LAMELL AKA J.M. ARPAD LAMELL,<br><br>*Defendant*. | Civil Action No.: 4:19-cv-2402 |

## MEMORANDUM AND RECOMMENDATION

Now before the Court in this real property mortgage dispute are Defendant's Motion to Dismiss Plaintiffs' Second Amended Complaint (ECF 165) and Plaintiff's Motion to Strike Defendant's Motion to Dismiss (ECF 166). This Memorandum and Recommendation also addresses Defendant's recently filed Answer to Second Amended Complaint and Counterclaims. ECF 168. The Court RECOMMENDS that both motions be denied and many of Defendant's Counterclaims be stricken.

I.      **Procedural Background**

To provide context for the rulings on the instant motions and pleadings, the Court briefly summarizes the extensive procedural history of this case. The genesis of the parties' dispute is a Note and Deed of Trust executed by Defendant Lamell (Lamell) in 2006 for property known as 5131 Glenmeadow Drive, Houston, Texas 77096 (the Property). ECF 164 ¶¶ 4,14-15. Lamell defaulted on the Note in February 2010, and has been in litigation involving the Property, in either state or federal court, since that time. *See U.S. Bank Nat'l Ass'n as trustee for CSMC Mortg.-Backed Tr. 2007-3 v. Lamell*, No. 21-20326, 2022 WL 1800860, at *1 (5th Cir. June 2, 2022) (explaining factual history).

Lamell instituted a state court lawsuit in 2010, asserting claims related to the servicing of his loan. ECF 164 ¶ 20. The parties settled the state court case in 2019. *Id.*; ECF 165-1 at 11-19. Plaintiffs filed this federal case in July 2019 and assert claims for declaratory judgment on the statute of limitations, declaratory judgment on the payment of taxes, foreclosure, and contractual and equitable subrogation. ECF 1; ECF 18; ECF 164. As described in the following paragraph, both this Court and the Fifth Circuit Court of Appeals have previously ruled on a comprehensive set of dispositive motions.

On March 11, 2021, the District Judge adopted a January 18, 2021 Memorandum and Recommendation (ECF 81) for dismissal of Lamell's

counterclaims for quiet title, declaratory judgment, fraud, fraud in the inducement, fraud by omission, and violation of the Texas Debt Collection Practices Act (TDCPA). ECF 95. Next, on March 24, 2021, the District Judge adopted a February 4, 2021 Amended Memorandum and Recommendation (ECF 86) resulting in the granting in part of Plaintiffs' Motion for Summary Judgment and issuance of a Final Judgment in favor of Plaintiffs. ECF 100. The Court denied Lamell's Motion for a New Trial and Plaintiff's Motion to Amend Final Judgment. ECF 117; ECF 118. Lamell appealed. ECF 120.

The Fifth Circuit affirmed in part, reversed in part, and remanded the case to the district court "for determination of the abandonment, foreclosure, and subrogation issues, and for further proceedings not inconsistent with this opinion." *U.S. Bank Nat'l Ass'n as trustee for CSMC Mortg.-Backed Tr. 2007-3 v. Lamell*, No. 21-20326, 2022 WL 1800860, at *7 (5th Cir. June 2, 2022) (the Remand Opinion). Specifically, the Fifth Circuit reversed the district court's decision that res judicata barred Lamell's statute of limitations affirmative defense. *Id.* at *6. The Fifth Circuit did not address Lamell's counterclaims.

On July 12, 2022, the Court held a status conference and entered a Docket Control Order to govern this case and ordered the parties to file a Status Report by August 2, 2022 "identifying the issues to be tried to the bench after remand from the Fifth Circuit." ECF 129. The only other deadlines set by the Court were an October

3

7, 2022 deadline for the Joint Pretrial Order and October 14, 2022 for Docket Call. *Id.* At the July 12, 2022 conference, the Court stated that there would be no further dispositive motions.[1] The October dates were vacated when the Court granted Plaintiffs motion to stay the case pending the Texas Supreme Court's decision in a case involving whether the statute of limitations on claims for contractual or equitable subrogation by a refinance lender to recover funds used to satisfy prior liens accrues upon the maturity of the original loan or upon the maturity of the refinancing loan. ECF 136. On July 12, 2023, following the Texas Supreme Court's decision in *PNC Mortg. v. Howard*, 668 S.W.3d 644 (Tex. 2023), the Court reinstated this case on the active docket. ECF 140.

During a status conference held on August 23, 2023, the parties informed the Court of their interest in attending mediation. *See* 08/23/23 Docket Minute Entry. Plaintiffs informed the Court and Defendant at the August 23, 2023 conference that they planned to file a motion for leave to amend and both sides agreed that mediation was appropriate before addressing the motion.[2] Despite two settlement conferences before two different United States Magistrate Judges, the parties did not reach a settlement. ECF 148; ECF 152.

---

[1] There is no transcript in the record for the July 12, 2022 conference but the Court has listened to the electronic recording.
[2] There is no transcript in the record for the August 23, 2023 conference but the Court has listened to the electronic recording.

4

The Court conducted another status conference on March 19, 2024, for the purpose of setting the date for docket call. ECF 154. During that conference, Plaintiffs again informed the Court of their intent to move for leave to file an amended complaint based on changes in the law following *PNC v. Howard*. The Court ordered Plaintiffs to file their Motion for Leave to Amend under Federal Rule of Civil Procedure 16, which governs motions filed after the expiration of the scheduling order deadline, by March 22, 2024, and set April 1, 2024 as the deadline for Lamell's Response. ECF 155. The Court also ordered that the parties confer and Plaintiffs submit a proposed Docket Control Order, informing the Court of any proposed deadlines with which Lamell disagreed. *Id.* During the March 19, 2024 conference, when Defendant balked at agreeing to a docket call date because he did not know whether he would need to file a motion to dismiss, the Court emphasized that there should no need for further dispositive motions in this 2019 case based on the Second Amended Complaint and noted that if upon review the Court determined that the proposed Amendment opened the door for new dispositive motions the Court would weigh that factor before against granting leave.[3]

Plaintiffs timely filed a proposed Docket Control Order and a Motion For Leave to Amend (attaching the proposed Second Amended Complaint). ECF 158;

---

[3] There is no transcript in the record for the March 19, 2024 conference but the Court has listened to the electronic recording.

ECF 157. The Court granted Lamell's request for an extension until April 8, 2024 to file his Response to the Motion for Leave. ECF 160. Lamell filed a Response stating, among other things, that he did not oppose Plaintiffs' request for leave to file a Second Amended Complaint. ECF 161 at 2. The Court granted Plaintiffs' Motion for Leave. ECF 162. On the same date and despite Lamell's objections, the Court entered a Docket Control Order setting June 7, 2024 as the deadline for the Joint Pretrial Order and the June 14, 2024 as the date for the Docket Call before United States District Judge Sim Lake. ECF 163. The Second Amended Complaint was filed as a separate entry on the docket on April 9, 2024. ECF 164. The instant motions followed.

## II. Discussion

### A. Lamell is neither entitled to move for dismissal of Plaintiffs' claims in their entirety nor entitled to an order dismissing the new subrogation claim asserted in the Second Amended Complaint.

Despite Defendant's statement in his statement of non-opposition to the Motion for Leave to Amend that he was reserving his rights, his Motion to Dismiss should be denied for at least three reasons: (1) the Court did not authorize the filing of a Motion to Dismiss in response to the Second Amended Complaint; (2) there is no basis to allow Defendant to assert a Motion to Dismiss all claims at this late stage of the proceedings; and (3) the Motion to Dismiss Plaintiffs' newly asserted subrogation claim is without merit.

### 1. The Court did not grant Lamell leave to file a Motion to Dismiss by granting leave to file the Second Amended Complaint.

Despite the Docket Call set for June 14, 2024, Lamell appears to take the position that Plaintiffs' filing of the Second Amended Complaint entitles him to file a new round of dispositive motions addressing all claims in the suit. *See* ECF 165 at 6-7 (listing nine claims Lamell contends are "not plausible on their face" and "fail to state a claim upon which relief can be granted."). Interestingly, Lamell did not oppose Plaintiffs' Motion for Leave to File Second Amended Complaint, stating in his Response that

> …even if it ultimately comes at the expense of further delay, it seems better to address the issues raised in Plaintiffs' amendment directly on their merits or lack thereof here and now. Notwithstanding the extreme lateness of Plaintiffs' amendment, Lamell is therefore resigned to not opposing their motion. In taking this position, he expressly reserves the right to respond to their amended complaint in an amended answer, possible amended counterclaims, and/or responsive motions and filings or his own as appropriate under the Rules, and to do so within the time limits normally allowed without waiving any claim, argument or defense.

ECF 161 at 2. The Court referenced Lamell's decision not to oppose the Motion in the Order granting leave but did not acknowledge or approve Lamell's purported reservation of the right to file a new dispositive motion or assert counterclaims. ECF 162.

The Court's decision to allow the filing of Plaintiffs' Second Amended Complaint does not authorize Lamell to file a Motion to Dismiss at this stage of the

proceedings. Plaintiff made a strategic decision not to oppose the filing of the Second Amended Complaint. His attempt to "reserve" rights he did not possess has no force or effect. At the time Lamell decided not to oppose Plaintiff's Motion for Leave to Amend he was aware of the Court's position, stated at the March 19, 2024 conference, that the Court did not intend to entertain additional dispositive motions solely on the basis of Plaintiffs' filing of an amended complaint.

Although the subrogation claim for taxes first appears in the Second Amended Complaint, prior versions of the Plaintiffs' Complaint sought a declaration that Plaintiffs are entitled to escrow and pay the property taxes, despite Lamell's longstanding assertion to the contrary. ECF 18 ¶¶ 36-41. Notably, the Fifth Circuit's Remand Opinion did not reverse the District Court's March 24, 2021 Final Judgment declaring that Plaintiffs "are entitled to pay taxes on the Property." ECF 100; ECF 164 ¶ 41; *Lamell,* 2022 WL 1800860 at *7. Thus, Lamell has known for years that Plaintiffs claim to be entitled to escrow and pay the taxes on his behalf and the claim seeking to recover those amounts surely came as no surprise to him.

Furthermore, the Court's decision to grant leave to file the Second Amended Complaint certainly does not authorize new dispositive motions on claims that have been in this litigation for almost five years. Lamell's position—that he is entitled to move for dismissal of claims on file since 2019 because, when stating no opposition to Plaintiffs' Motion for Leave he attempted to "expressly reserve the right to

respond . . . in an amended answer, possible amended counterclaims, and/or responsive motions and filings" (ECF 167 at 3) —is spurious.

### 2. Defendant's Motion to Dismiss pre-existing claims is improper and substantively incorrect.

Lamell's argument that the Fifth Circuit's Remand Opinion and the Texas Supreme Court's decision in *Howard,* "effectively disposed of most of Plaintiffs' [pre-existing] claims" (ECF 165 at 6) grossly misreads those decisions. While the Fifth Circuit reversed the district court's ruling that res judicata precludes Lamell's statute of limitations defense, it expressly affirmed the district court's ruling that a material issue of fact exists as to whether Plaintiffs abandoned acceleration of the Note. *See U.S. Bank Nat'l Ass'n as trustee for CSMC Mortg.-Backed Tr. 2007-3 v. Lamell*, No. 21-20326, 2022 WL 1800860, at *7 (5th Cir. June 2, 2022) (holding "[w]e agree with the district court that there is at least a genuine dispute of material fact as to whether the Appellees provided Mr. Lamell with requisite notice to reflect their *unequivocal intent* to abandon their prior accelerations." (emphasis in original)). Whether Plaintiffs abandoned acceleration of the Note impacts the accrual date and resulting expiration of the statute of limitations for Plaintiffs' foreclosure claims. Accordingly, the Fifth Circuit expressly held that "[w]hether the Appellees have actionable foreclosure and/or subrogation claims is therefore an issue to be decided on remand, after the question of abandonment of acceleration has been resolved." *Id.* Thus, the trial in this case will determine whether Plaintiffs

abandoned acceleration of the refinancing loan. If they did not, the loan matured and the statute of limitations for foreclosure began to run on the date of acceleration. *See Lamell,* 2022 WL 1800860 *7 ("Absent abandonment of acceleration, the statute of limitations for [Plaintiffs'] subrogation claims [to recover advanced funds used to satisfy prior liens] ran at the same time as it ran for their foreclosure claim."). To the extent Lamell seeks to dismiss Plaintiffs' claims that pre-existed the filing of the Second Amended Complaint, including the claim that Plaintiffs abandoned acceleration, the motion is improper and its arguments are substantively incorrect. See ECF 165 at 7 (listing claims in the Second Amended Complaint on which Lamell moves for dismissal).

### 3. The Motion to Dismiss the newly-asserted subrogation claims is improper and substantively incorrect.

Lamell moves to dismiss the new subrogation claim for tax payments that Plaintiffs added in the Second Amended Complaint on the following basis:

A. Equitable Subrogation as to Property Tax Payments: (Complaint ¶ 49) – Plaintiffs have shown no facts or evidence sufficient to overcome the fact that, as detailed more fully herein, this claim is: a) Barred as a matter of law by the very statute they cite, and b) precluded by Plaintiff's lack of clean hands and inequitable behavior in these proceedings and in the prior state action.

ECF 165 at 7. Lamell's arguments regarding the newly added claim, including that "Plaintiff's claims of equitable and contractual subrogation, though initially granted by the Court, have been reversed on appeal with further support from the Supreme

10

Court in *PNC v. Howard*," (ECF 165 at 9), are also improper and substantively incorrect.

Plaintiffs' First Amended Complaint asserted claims in the alternative to foreclosure for contractual and equitable subrogation because Defendant received approximately $566,000.00 in loan funds, of which approximately $520,00.00 was used to extinguish prior liens on the Property at the time of refinancing. ECF 18 ¶¶ 46-52. Plaintiffs sought leave to file the Second Amended Complaint to add a claim to recover, by way of subrogation, amounts paid by Plaintiffs for taxes on the Property. ECF 158. The Second Amended Complaint omits the equitable and contractual subrogation claims related to the loan funds used to pay off prior liens and adds equitable and contractual subrogation claims to recoup property taxes it paid on the Property of at least $92,585.06. *Compare* ECF 18 ¶¶ 46-52 *with* ECF 164 ¶¶ 46-53.

"Subrogation actions do not carry a specific statute of limitations." *Lamell*, 2022 WL 1800860, at *7 (citing *Brown v. Zimmerman*, 160 S.W.3d 695, 700 (Tex. App.—Dallas 2005, no pet.). Instead, subrogation actions are generally subject to the same statute of limitations which would apply had the action been brought by the subrogee. *Id.* (quoting *Guillot v. Hix*, 838 S.W.2d 230, 233 (Tex. 1992)). The Remand Opinion clearly states that "[b]ecause the action at issue here is one for foreclosure, [Plaintiffs'] subrogation claims accrued when their foreclosure claims

11

accrued—four years after the underlying loan's maturity." *Lamell*, 2022 WL 1800860, at *7. As the Fifth Circuit noted, at the time of its ruling, the "Supreme Court of Texas ha[d] not yet decided definitively which maturity date controls: that of the refinancing loan, or that of the original loan." *Id.* n.6. The Supreme Court of Texas decided the issue in *PNC Mortg. v. Howard*, 668 S.W.3d 644, 650 (Tex. 2023), holding that a cause of action for subrogation to recover funds advanced and used to satisfy an existing lien accrues on the maturity date of the refinancing loan, not the original loan. "Like the original lender, a refinance lender has only one foreclosure claim, which accrues when the note made in the refinancing transaction is accelerated." *PNC Mortg. v. Howard*, 668 S.W.3d 644, 650 (Tex. 2023). It is black letter law that "a loan matures when it is accelerated." *Lamell,* 2022 WL 1800060 *7; *see also Moore v. Wells Fargo Bank, N.A. as trustee for MASTR Asset Backed Sec. Tr. 2004-OPT2, Mortg. Pass-Through Certificates*, 685 S.W.3d 843, 846 (Tex. 2024) (holding that while, generally, the accrual date is the maturity date of the loan, if a note contains an acceleration clause that permits the lender to accelerate loan maturity upon the borrower's default, the cause of action for foreclosure of the lien accrues at the time of acceleration).

Plaintiffs sought leave to file the Second Amended Complaint to add a subrogation claim for the amounts paid in taxes because they believe *that* subrogation claim does not accrue upon maturity of the loan and is unaffected by

whether acceleration was abandoned. ECF 169 at 14-16. As Plaintiffs recognize, they will have to present evidence at trial regarding the dates they advanced funds for taxes owed on the Property and the amounts, but the allegations in support of the subrogation claim for taxes are "more than sufficient to survive dismissal." ECF 169 at 15.

Also substantively incorrect is Lamell's argument for dismissal of the new subrogation claim because "part (b) of section 33.06 [of the Texas Tax and Property Code] prohibits the filing of a suit for collection or undertaking foreclosure where an 'Over-65' tax deferral affidavit has been filed by the homeowner." ECF 165 at 13. Lamell quotes the provision of the Texas Tax and Property Code on which he relies as stating:

> a *taxing unit* may not file suit to collect delinquent taxes on the property and the property may not be sold at a sale to foreclose the tax lien until the 181st day after the date the collector for the taxing unit delivers a notice of delinquency of the taxes following the date the individual no longer owns and occupies the property as a residence homestead.

*Id*. n.5 (emphasis added). Lamell argues that because Plaintiffs acknowledge that he has a valid "Over-65" deferral on file, they are precluded from recovering amounts paid for taxes on the Property. As with the Remand Opinion, Plaintiff misreads the statute. The statute precludes a *taxing unit* from filing suit to collect delinquent taxes when the other conditions of the statute are met. Plaintiffs are not a taxing unit and do not seek to collect taxes from Lamell pursuant to authority provided to taxing

13

units by the Texas Tax and Property Code. Thus, section 33.06(b) does not, as a matter of law, require dismissal of Plaintiffs claim for subrogation of amounts paid for taxes.

Next, Plaintiff argues that Plaintiffs are not entitled to recover amounts paid for taxes on the Property because the "maxim that 'one who seeks equity must do equity' is not satisfied by Plaintiffs' actions in this case." ECF 165 at 14. After discussing various facts, Lamell concludes that "with respect to Equitable Subrogation as to Taxes, Plaintiffs 'fail to state a claim upon which relief can be granted.'" ECF 165 at 15 (citing FED. R. CIV. P. 12(b)(6)). Lamell has not put forth a proper basis for dismissal of Plaintiffs claim for equitable subrogation to recover tax payments. To the extent the unclean hands doctrine constitutes a defense to the claim, Lamell is entitled to assert the defense at the trial in this case.

For the reasons discussed in this section, the Court RECOMMENDS that Lamell's Motion to Dismiss Plaintiffs' Claims be DENIED in its entirety.

> **B. Lamell is not entitled to assert previously dismissed counterclaims which were not the subject of, and are unaffected by, the Fifth Circuit's Remand Opinion.**

As noted above, the Court dismissed Lamell's counterclaims in their entirety in March 2021. ECF 95, adopting ECF 81. After Plaintiffs filed their Second Amended Complaint, Lamell filed Defendant's Answer to Second Amended Complaint and Counterclaims in which he reasserts previously dismissed

counterclaims as well as new ones. *See* ECF 168. The Federal Rules of Civil Procedure permit a responsive pleading to an Amended Complaint to be filed within 14 days. FED. R. CIV. P. 15(a)(3). But nothing in the Federal Rules of Civil Procedure nor any ruling of this Court permits a defendant to reassert dismissed counterclaims or to assert new counterclaims as a matter of course after the filing of an amended complaint.

The Fifth Circuit reversed this Court's prior legal ruling that res judicata barred Lamell from asserting a statute of limitations defense, but the Fifth Circuit opinion did not address Lamell's previously dismissed counterclaims. The Court previously dismissed, as barred by res judicata, Lamell's quiet title counterclaim and counterclaims seeking declaratory judgment that: (1) the statutes of limitation bar PHH's and USBNA's suit to enforce the Deed of Trust; (2) the enforcement and foreclosure provisions of the Deed of Trust and lien are void; (3) PHH and USBNA have no authority to foreclose or bring a suit to claim enforcement collection on the Note; (4) USBNA and PHH are barred from bringing a suit to enforce collection; (5) the endorsements on the Note are not genuine; and (6) USBNA is not the owner of the Note. ECF 81 at 6-11.

Consistent with the Fifth Circuit's Remand Opinion, the Court should allow Lamell to reassert his Counterclaims that were previously dismissed on the basis of res judicata. Those Counterclaims consist of Lamell's claims (1) for declaratory

15

judgment as set forth in § VIII(a)-(d); and (2) for release of the deed of trust lien as set forth in § X, which the Court construes as his restatement of the claim to quiet title. However, Lamell's counterclaim set forth in VIII(e) seeking a declaration that Plaintiffs have no interests in the Insurance Settlement Funds on deposit in the IOLTA trust account of the DYKEMA law firm was dismissed by this Court in a ruling that was not reversed by the Fifth Circuit. *See* ECF 81. Lamell cannot reassert that claim now. The Court RECOMMENDS that all Counterclaims other than those in §§ VIII(a)-(d) and X of ECF 168 be STRUCK from the record as improper because they were filed without leave and are barred by prior rulings of the Court.

### III. Conclusion and Recommendation

For all of the reasons set forth above, the Court RECOMMENDS that Defendant's Motion to Dismiss (ECF 165) be DENIED and Plaintiffs' Motion to Strike (ECF 166) be DENIED as moot.

The Court further RECOMMENDS that Defendant's Counterclaims in §§ VI, VII, VIII(e), and IX be struck from the Defendant's Amended Answer and Counterclaims (ECF 168) and given no effect.

Pending any further ruling from the District Judge, the June 7, 2024 JPTO deadline and the June 14, 2024 Docket Call remain set.

The Clerk of the Court shall send copies of the memorandum and recommendation to the respective parties, who will then have fourteen days to file

written objections, pursuant to 28 U.S.C. § 636(b)(1)(C). Failure to file written objections within the time period provided will bar an aggrieved party from attacking the factual findings and legal conclusions on appeal. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), superseded by statute on other grounds.

Signed on May 15, 2024, at Houston, Texas.

                                              Christina A. Bryan
                                        United States Magistrate Judge